IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN L. POWELL, : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-5400 |
| : | |
| MISS BLANCHE CARNEY, *et al*. : | |
| Defendants. : | |

## MEMORANDUM

ROBRENO, J.                                                                                              January 19, 2021

Plaintiff Kevin L. Powell, a pretrial detainee[1] housed at the Curran-Fromhold Correctional Facility ("CFCF"), filed this civil action citing 42 U.S.C. § 1983 alleging a violation of his civil rights. Named as Defendants are sixteen supervisors and employees at CFCF. Each has been sued in their official and individual capacities. Powell has also moved to proceed without the prepayment of fees. For the following reasons, the Court will grant the Motion to Proceed *In Forma Pauperis* and dismiss Powell's Complaint in part with prejudice and in part without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     **FACTUAL ALLEGATIONS**

Powell's Complaint is lengthy, repetitive, rambling and at times difficult to understand. Briefly, he appears to allege that Defendant CFCF Correctional Officers Dereck Hawkins and D. Robinson attempted to murder him. (ECF No. 2 at 5.)[2] He claims he was given a cup of iced tea

---

[1] A review of public records shows that Powell was stopped by Philadelphia police on November 4, 2019 because his vehicle made an improper turn and had no headlights. He was arrested when police discovered a firearm. *See Commonwealth v. Powell*, CP-51-CR-8556-2019 (C.P. Phila.). Mental health hearings were conducted on August 21, 2020 and September 15, 2020. Powell remains in custody awaiting trial.

[2] The Court adopts that pagination supplied by the CM/ECF docketing system.

mixed with a chemical substance that is "eating up" his insides and causing him to emit a bad odor from his pores. He does not, however, specify who gave him the iced tea. He asserts that the Defendants will not answer his grievances because they all know that Defendants Gaye, Logan, and Amabon – each of whom are each identified as a "Nurse/Dr." – gave Powell wrong medications. (*Id.* at 6.) He wants all named Defendants to be fired and imprisoned. (*Id.*)

He asserts that the CFCF medical department is denying him medical treatment for the alleged poisoning, and that Defendants Hawkins and Robinson paid an inmate to start a physical altercation with him on September 14, 2020. (*Id.* at 7.) Defendants Leone, Yogboh, Trivikram, Robinson, Wibraham, Logan, Amabon Smith, Major Miranda, Deputy Warden Beaufore, Warden Delaney, Commissioner Carney, as well as non-defendants named Wilson, Foreman Oril, Richardson and all members of the CFCF medical staff allegedly refused to do anything about Powell's symptoms from the alleged poisoning. (*Id.* at 15.) Yogboh allegedly refused to give Powell a copy of his blood test results. (*Id.*) Powell told Yogboh that "he want[ed] to be blood tested for all kinds of diseases [but] Dr. Yogboh had told [him] that he have [sic] been blood tested for HIV/AIDS and Hepatitis and [he] did not have any diseases in which [he] had requested again to be blood tested," allegedly denying him further testing because it cost too much money. (*Id.*) He also asserts that Major Miranda, Deputy Warden Beaufore, Warden Delaney, Commissioner Carney failed to respond to grievances. (*Id.* at 26.) While Powell's narrative is difficult to follow, he does not appear to make any allegations against Defendants Murry, Brittingham and McKinney.

Powell seeks as relief for his claims to be taken to outside medical specialists to be blood tested for diseases, poisons and bad medications. (*Id.* at 17.) He also seeks proper treatment for what the Defendants allegedly did to him at CFCF; a back brace, knee braces, pain medicine and

blood pressure medicine; an end to unspecified retaliation; answers to his grievances and sick call requests; an end to unspecified interference with his legal mail; and an end to correctional officers turning off his emergency call button. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Powell leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Powell is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete

---

[3] However, as Powell is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Federal Rule of Civil Procedure 10 requires that claims be pled in numbered paragraphs and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ." Fed. R. Civ. P. 10.  The purpose of these rules is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims.  *See, e.g.*, *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently

informed to determine the issue.") (quotations omitted); *Young v. Centerville Clinic, Inc.*, No. Civ. A. No. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009) ("The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief.").

## III. DISCUSSION

Powell has brought his civil rights claims pursuant to § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against Defendants Hawkins and Robinson

At numerous points in Powell's repetitive Complaint he alleges that he has been poisoned. He also asserts that Defendants Hawkins and Robinson "orchestrated this entire event." (ECF No. 2 at 5.) It is not at all clear, however, whether Hawkins and Robinson were the persons Powell alleges poisoned him and the only specific allegation Powell ascribes to Hawkins and Robinson is they paid an inmate to fight with him. Since the "entire event" described in Powell's pleading includes numerous allegations involving multiple actors at CFCF, vague and ambiguous assertions that are otherwise unintelligible, and the true substance, if any, of exactly how Hawkins and Robinson acted to harm Powell is well disguised to the point that the Defendants and the Court are unable to know exactly what Powell is alleging, the claims against them fail to meet the requirements of Rule 8. Powell has also failed to draft his pleading in numbered paragraphs or asserts separate counts based on separate occurrences in violation of Rule 10. Because these allegations lack sufficient clarity to allow the Defendants and the Court to determine whether there are sufficient facts to support a claim entitling a Powell to relief,

5

these claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice and leave granted to Powell to file an amended complaint that complies with Rules 8 and 10.[4]

### B. Claims Based on Grievances

Powell has alleged that Major Miranda, Deputy Warden Beaufore, Warden Delaney, and Commissioner Carney failed to respond to grievances. Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Powell about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

### C. Claims Based on Medical Care

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[5] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could

---

[4] Any claim based on retaliation, interference with legal mail, or a failure to respond to Powell's emergency call button are also dismissed since he fails to specify which Defendant engaged in this conduct, or provide any other information to permit a Defendant or the Court to determine whether there are sufficient facts to support a claim entitling a Powell to relief.

[5] As it appears that Powell was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (holding that attaching documents to grievance form is insufficient under *Rode* to show personal direction or actual knowledge by recipient of underlying facts)). Finally, "[i]f a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004); *see also Carter v. Smith*, 483 F. App'x 705, 708 (3d Cir. 2012) (per curiam) ("Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff.").

Like Powell's allegations against Hawkins and Robinson, his allegations concerning the alleged denial of medical care are too confused to permit the Defendants and the Court to understand how he has suffered a constitutional violation. With the exception of his interaction with Defendant Yogboh, who allegedly refused to order additional, repetitive testing because existing testing was negative and additional testing would waste resources, all of Powell's allegations concerning his medical care at CFCF groups together numerous Defendants in describing events, do not differentiate among Defendants, and do not identify how each may have been responsible for his care or deliberately indifferent to his serious medical needs. The allegations against Yogboh also fail to state a plausible claim since Powell does not assert how the additional testing Yogboh allegedly denied him was related to a serious medical need. Finally, Powell fails to provide any information upon which the Defendants or the Court can determine whether there are sufficient facts to support a claim entitling Powell to relief involving his need for a back brace, knee braces, pain medicine and blood pressure medicine.

Accordingly, the deliberate indifference claims will also be dismissed without prejudice for failure to comply with Rules 8 and 10. Powell will be granted leave to amend these claims as well to cure the defects the Court has identify and specify what each Defendant did and how that Defendants' actions violated his constitutional rights.

### D.     Claims Against Defendants Murry, Brittingham and McKinney

While Powell's narrative is difficult to follow, he does not appear to make any allegations against Defendants Murry, Brittingham and McKinney. The claims against these Defendants will also, therefore, be dismissed as not plausible pursuant to § 1915(e)(2)(B). This dismissal is also without prejudice and with leave to reassert in an amended complaint.

### E. Official Capacity Claims

Powell has sued each Defendant in their individual and official capacities. Claims against City officials named in their official capacity are indistinguishable from claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* To assert a plausible official capacity claim, therefore, a plaintiff must allege that the municipality had a policy or custom that caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). As Powell has failed to make any custom or policy allegation to support a claim against any Defendant in his or her official capacity, these claims must also be dismissed as not plausible. Powell will be permitted to amend these claims as well if he is able to allege his rights were violated due to a policy or custom of the City of Philadelphia.

### IV. CONCLUSION

For the reasons stated, Powell's Complaint is dismissed in part with prejudice and in part without prejudice. His claims based on grievances are dismissed with prejudice. All other claims are dismissed without prejudice and Powell may file an amended complaint if he is able to cure the defects the Court has identified in the claims dismissed without prejudice. An

appropriate Order follows.